## W. H. ROBINSON AND WIFE *v.* WADE BAKER.

EVIDENCE. *Slander.* In a suit for slander based upon sec. 3400 of the Code, the plaintiffs proposed to prove the words were spoken also more than six months before action brought, which was excluded by the court. Jury returned a verdict for defendant. *Held,* that the jury having by their verdict found the words were not spoken within six months, the court will not reverse on account of the exclusion of the evidence. If the words were not spoken within six months, plaintiff could not recover, and proof that they were spoken more than six months in aggravation of damages would be immaterial.

FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. ROBT. CANTRELL, J.

STOKES & SON for Robinson.

TARVER & GOLLIDAY for Baker.

FREEMAN, J., delivered the opinion of the court.

This is an action for slanderous words, spoken of the plaintiff's wife in this case, based on Code, sec. 3400, providing "that any words written, spoken or printed of a person, wrongfully and maliciously imputing to such person the commission of adultery or fornication, are actionable, without special damages."

The injury is stated in various forms in six counts in the declaration, but amounts simply to a charge of

adulterous intercourse, and unchastity on the part of the wife of plaintiff, W. H. Robinson.

The jury, after a trial lasting for about eight days, under a charge by his Honor that is not seriously objected to in argument, have returned a verdict in favor of defendant on the plea of not guilty, and not guilty within six months.

The case went before the jury on the testimony of three witnesses as to the speaking of the slanderous words, within six months before the suit was commenced. Two of these witnesses deposed definitely and circumstantially to the speaking of the words within the six months by plaintiff, and if the jury had believed them, a verdict for the plaintiff was inevitable. But they were vigorously attacked by cross-axamination, and by showing contradictory statements, together with the positive denial of the defendant in his testimony of ever having had such conversations with them, that it is evident the jury were warranted in rejecting their testimony, or treating it as unworthy of credit. The third witness was very clearly contradicted, and shown beyond reasonable question to have been mistaken as to the date of the supposed conversations with himself, by the date of a writing, which he proved was of the date of the conversation. The question of fact as to this date was fairly left to the jury by his Honor, and they have found evidently, that the supposed conversation, if it ever occurred, was in January, 1869—the date of the paper—and not June, as supposed in his first examination by the witness.

The case then went to the jury—as his Honor told them, in the event they found the third witness mistaken as to the date—solely on the testimony of the two witnesses mentioned.

It is now insisted that the judgment should be reversed because of improper exclusion of testimony by the circuit judge, found in the depositions of Fields and Hunley, the witnesses above referred to. They had each deposed to conversations—the one several years before, and the other at a later date, but more than six months before action brought—in which the same charge as the one sued for, was made. His Honor, on motion of the defendant, excluded this testimony, as incompetent for any purpose in the case, and the question is, was this error, and shall the judgment be reversed for it, in the aspect the case stands before us on this record, as given above.

The jury have found that the words sued for, have not been uttered at all. The evidence well sustains that finding. The evidence excluded did not tend to prove the utterance of the latter words, and was not sought to be proven for any such purpose, but only to show the motive and malignity with which they were uttered. Assuming the verdict correct, then there is nothing in the motive or malignity which is to be shown, and therefore should we reverse, it would be on a matter totally immaterial, and which could not possibly, by law have rightfully influenced the verdict, and which if it had done so would have done so wrongly—as it is beyond question contrary to rule, that one offense shall be shown by proving that an-

other, at a different time and place, had been committed by the same party.

It has been repeatedly adjudged by this court, that a new trial will not be granted for errors not affecting the merits, when the error has not operated to the prejudice of the party: 3 Sneed, 435; 3 Head, 331; 4 Heis., 66. Proof tending to show a certain intent in the performance of another act, when that act is found never to have been done, is surely immaterial. If we reversed in this case, it would be the reversal of a finding, clearly well sustained, in order to allow the party to show, that if defendant had slandered him, it would have been with an evil intent. But inasmuch as the jury have rightly said the slander was not uttered at all, the proof can be of no service, and a proper verdict ought not be disturbed for this cause.

The only other question we deem material is the exclusion of conversations said to have been had with defendant subsequent to suit brought, referring to the charges averred in the declaration. It is not seriously urged that under the general rule such conversations are admissible; but it is urged, that they come within the apparent exception given in the case of *Witcher* v. *Richmond*, 8 Hum., 475, as showing the meaning of the previous utterances, or as admissions that the words had been spoken. Upon examination we do not find these conversations of the character specified, and therefore no error in their exclusion. Other minor objections are taken, but we do not deem them material, such as allowing the defendant to disprove the state-

ments of witnesses which had been excluded, and the like. But we see no reversible error in these questions, and need not discuss them.

The judgment is affirmed.